IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERESA WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0632-MJR |
| | ) | |
| KIM HAYWARD, | ) | |
| EAST ST. LOUIS SCHOOL DIST. 189, | ) | |
| and GENERAL SERVICE EMPLOYEES | ) | |
| LOCAL 382, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

REAGAN, District Judge:

By Order dated January 19, 2012, the Court granted Plaintiff Teresa Watson leave to file an amended complaint because her original complaint, as drafted, did not meet the pleading standards prescribed by Federal Rule of Civil Procedure 8 and failed to state a claim upon which relief could be granted. Plaintiff Watson has now filed her Amended Complaint (Doc. 7, pp. 3-6[1]), along with a motion for leave to proceed without prepaying fees or costs (Doc. 8), motion for appointment of counsel (Doc. 9), and motion for service of process at Government expense (Doc. 10).

Plaintiff Teresa Watson, proceeding *pro se*, has brought suit pursuant to Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e-5, alleging that she lost her job with East St. Louis School District 189 after she asked for assistance from General Service Employees Local 382 in relation to discrimination and sexual harassment issues. Watson also alleges that she was sexually harassed, discriminated against based on her race and religion, and subjected to retaliation. Plaintiff also claims discrimination due to her disabilities—"work related hand and

---

[1] Attached to the Amended Complaint is a two-page letter offering general commentary about her case and calls made to the Court, and the like, which is <u>not</u> considered part of the Amended Complaint (Doc. 7, pp. 1-2).

foot injuries"—although Watson does not cite the Americans with Disabilities Act, 42 U.S.C. § 12101.   Kim Haywood, General Service Employees Local 382, and East St. Louis School District 189 are named as defendants, or at least listed in the caption of the Amended Complaint.

Title 28 U.S.C. § 1915(a)(1) authorizes a federal district court to allow a civil case to proceed without prepayment of fees, if the movant submits an affidavit that includes a statement of all assets he possesses which demonstrates that he is unable to pay or give security for the fees required to initiate this action.  However, 28 U.S.C. § 1915(e)(2) requires this Court to carefully scrutinize the *in forma pauperis* motion and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.*

As a preliminary matter, based on Watson's financial affidavits (Doc. 2 and 8), the Court finds that Watson is indigent and incapable of paying the costs of these proceedings, including the costs normally associated with service of process.   The Court will therefore proceed to review the complaint relative to whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 8(a)(2) requires only a "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  In assessing whether a claim has been adequately stated, the District Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Industries, Inc., Ltd. v. Price Waterhouse Coopers, LLP,* 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v.*

*Knight,* 445 F.3d 965, 969 (7ᵗʰ Cir. 2006).  Although federal complaints need only plead claims (not facts), the pleading regime created by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), requires the complaint to allege a plausible theory of liability against the defendant. *Sheridan v. Marathon Petroleum Co., LLC,* 530 F.3d 590, 596 (7ᵗʰ Cir. 2008); s*ee also Limestone Dev. Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803-804 (7ᵗʰ Cir. 2008).

In *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7ᵗʰ Cir. 2008), the Court of Appeals for the Seventh Circuit emphasized that even though *Bell Atlantic* "retooled federal pleading standards," notice pleading is still all that is required. "A plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Id.  Accord Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7ᵗʰ Cir. 2008) (the allegations "must be enough to raise a right to relief above the speculative level").

In the specific context of claims of employment discrimination, the Seventh Circuit instructed that "a plaintiff alleging employment discrimination . . . may allege these claims quite generally." *Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008)*.  "A complaint need not 'allege all, or *any,* of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (quoting *Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)*) (emphasis in original).  Instead, "the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Swanson v. Citibank*, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("[P]laintiff must give enough details about the subject-matter of the case to present a story that holds together.").

This Court bears in mind that *pro se* pleadings, such as Plaintiff Watson's complaint, must be liberally construed. *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996). The Amended Complaint sufficiently and succinctly sets forth Watson's five claims (discrimination based on race, religion and disability; sexual harassment; and retaliation) in keeping with the notice pleading standard. The alleged discrimination by School District 189 began in May 2009, and the alleged discrimination by Local 382 commenced in September 2009. Therefore, further detailed analysis of the legal claims is unnecessary. However, the involvement of Defendant Kim Haywood is not clear.

The caption of the Amended Complaint lists East St. Louis School District 189, General Service Employees Local 382, and Kim Haywood as defendants, but Haywood's name appears in parentheses. In the section where defendants' names and addresses are required, Haywood is not listed. Furthermore, Haywood is not included, by name or inference, in the narrative portion of the Amended Complaint. Naming a defendant in the caption of the complaint, by itself, is insufficient to state a claim against that defendant. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, Kim Haywood is dismissed as a defendant. Because Watson has already been given an opportunity to redraft her complaint to state a viable claim against Haywood, dismissal is with prejudice. *See Leavell v. Illinois Dept. of Natural Resources*, 600 F.3d 798, 808 (7th Cir. 2010).

Having discerned viable claims against School District 189 and Local 382, and determined that Plaintiff Watson is financially unable to prepay the filing fees and cost of service

of process, Watson's motion for pauper status (Doc. 8) and motion for service of process at Government expense[2] (Doc. 10) are **GRANTED**.

Plaintiff Watson requests appointment of counsel in order to ensure "consistent proper representation." There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Santiago v. Walls*, 599 F.3d 749, 760-761 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

With regard to the first step of the inquiry, Plaintiff Watson does not indicate that she has made any effort to retain counsel. With regard to the second step of the inquiry, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*.; *see also Santiago*, 599 F.3d at 762-764. Watson indicates that her education includes "some college," and her pleadings have been relatively clear and well drafted. The issues and pretrial discovery in this case do not appear beyond Watson's abilities. Therefore, Watson's motion for appointment of counsel (Doc. 9) is **DENIED**, without prejudice. As the case proceeds, the Court will remain open to considering the appointment of counsel; Plaintiff need only file another motion for appointment of counsel, detailing her efforts to retain counsel, and explaining why she requires the assistance of counsel.

---

[2] If a litigant is granted pauper status, officers of the Court assume responsibility for serving all process. 28 U.S.C. § 1915(d).

**IT IS THEREFORE ORDERED** that Plaintiff Watson's motion for pauper status (Doc. 8) and motion for service of process at Government expense (Doc. 10) are **GRANTED**; Watson's motion for appointment of counsel (Doc. 9) is **DENIED**, without prejudice; and Defendant Kim Haywood is **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **East St. Louis School District 189 and General Service Employees Local 382**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendants at the addresses given in the complaint (*see* Doc. 7, p. 3). If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants) or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Finally, Plaintiff is **ADVISED** that because she is proceeding *pro se,* she is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any

change in her address; the Court will not independently investigate her whereabouts. A notice of change of address must be filed within seven days of any such change occurring. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed.R.Civ.P. 41.

           **IT IS SO ORDERED.**

           **DATED: April 12, 2012**

                                         <u>**s/ *Michael J. Reagan***</u>
                                         **MICHAEL J. REAGAN**
                                       **UNITED STATES DISTRICT JUDGE**