IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERESA WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-0632-MJR |
| | ) |
| EAST ST. LOUIS SCHOOL DIST. 189, | ) |
| and GENERAL SERVICE EMPLOYEES | ) |
| LOCAL 382, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Teresa Watson, proceeding *pro se*, has brought suit pursuant to Title VII of the Civil Rights Act of 1967, 42 U.S.C. § 2000e-5, alleging that while employed by Defendant East St. Louis School District 189, she was sexually harassed, and discriminated against based on her race, religion and disabilities ("work related hand and foot injuries"). Watson further claims that in May 2010 she lost her job with District 189 in retaliation for seeking assistance from Defendant General Service Employees Local 382. With respect to Local 382, Watson contends she asked for assistance regarding her complaints, but was ignored. Watson's amended complaint (Doc. 7) now controls.

Defendant General Service Employees Local 382 is before the Court seeking the dismissal of the amended complaint (Doc. 23). Local 382 argues, first, that jurisdiction over any unfair labor practice claim lies solely with the Illinois Educational Labor Relations Board and, second, that there is no cause of action against a union for failing to represent a union member in a civil rights case. Plaintiff Watson did not file a response to the motion to dismiss.

1.  Analysis

As a preliminary matter it is noted that failure to file a timely response to a motion may, in the Court's discretion, be deemed an admission of the merit of a motion. SDIL Local R. 7.1(c). Because Plaintiff Watson is proceding *pro se*, the Court will analyze each of Defendant's arguments and not construe her silence as an admission of the merit of Defendant's motion.

a.  Applicable Legal Standards

Although Defendant General Service Employees Local 382 does not cite the procedural basis for its motion, lack of subject-matter jurisdiction is addressed via Federal Rule of Civil Procedure 12(b)(1), and a failure to state a claim upon which relief can be granted falls under the ambit of Rule 12(b)(6).

Ultimately, it is Plaintiff Watson's burden of establishing subject-matter jurisdiction; however, for purposes of a Rule 12(b)(1) motion, the Court accepts "as true all facts alleged in the well pleaded complaint and draws all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg,* 669 F.3d 838, 841 (7th Cir. 2012).

In ruling on a Rule 12(b)(6) motion to dismiss, a plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed, even if a savvy judge may think actual proof of those facts is improbable.  *See Arnett v. Webster*, 658 F.3d 742, 752 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

      b.  <u>Subject-matter Jurisdiction</u>

Citing the Illinois Labor Relations Act, 115 ILCS 5/14(b)(1), *Jones v. Illinois Educational Labor Relations Board*, 650 N.E.2d 1092 (Ill. App. 1st Dist. 1995), and *Paxton-Buckley-Loda Education Association v. Illinois Educational Labor Relations Board*, 710 N.E.2d 538 (Ill. App. 4th Dist. 1999), Local 382 argues that the Illinois Educational Labor Relations Board, rather than this district court, is the proper tribunal for this action.  Although Defendant's cited authority does not actually pertain to the jurisdictional question, Defendant is correct.

A union's violation of its duty of fair representation is considered an unfair labor practice under the Illinois Education Labor Relations Act, 115 ILCS 5/14(b)(1).  However, it is Chapter 5, *Section 15* of the Act that prescribes that "[a] charge of unfair labor practice may be filed with the [Illinois Educational Labor Relations] Board."  115 ILCS 5/15.  Subsequent review of the Board's decision is in the Illinois Appellate Court.   115 ILCS 5/16.  In *Board of*

3

*Education of Community School District No. 1 v. Compton,* 526 N.E.2d 149, 151–52 (1988), a case regarding compliance with a collective bargaining agreement, the Illinois Supreme Court recognized that the Illinois Educational Labor Relations Board had *exclusive* initial jurisdiction over charges alleging an unfair labor practice. Therefore, this district court lacks subject-matter jurisdiction over Plaintiff's claims against her union, Local 382.

    c.  <u>The Sufficiency of the Claim</u>

Out of an overabundance of caution, the Court will further review the sufficiency of Watson's claim against Local 382.

Local 382, again citing *Jones v. Illinois Educational Labor Relations Board*, 650 N.E.2d 1092, 1099 (Ill. App. 1st Dist. 1995), argues that there can be no cause of action against a union for failing to represent a member in the prosecution of a civil rights action, because unions only have duties relative to contractual obligations. In *Jones* the state appellate court did state that "the duty of fair representation would extend only to those activities connected with its duties as such and would not extend to obligations outside of the grievance mechanism of the collective bargaining agreement." *Id.* However, Plaintiff Watson does not appear to be claiming that the union failed to represent her in a civil rights action. Rather, she only contends that she "asked for help several times by phone and certified mail and was ignored" (Doc. 7, p. 5). Furthermore, because the collective bargaining agreement controlling Watson's relationship with the union is not a part of the amended complaint, the Court cannot discern exactly what the union's duties were. Consequently, this argument is not well taken and is not dispositive.

2. Conclusion

For the reasons stated, Defendant General Service Employees Local 382's motion to dismiss for lack of subject-matter jurisdiction (Doc. 23) is **GRANTED**; Defendant General Service Employees Local 382 is **DISMISSED with prejudice** from this action. Final judgment in favor of Defendant General Service Employees Local 382 and against Plaintiff Teresa Watson will not be entered until all claims against all defendants have been decided.

Plaintiff's claims against Defendant East St. Louis School District 189 remain.

**IT IS SO ORDERED.**

**DATED: February 8, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**